UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK MAYE,

        Plaintiff,                      Case No. 14-cv-10864

v                                              Honorable Thomas L. Ludington

PAUL KLEE, et al.,

        Defendants.

_____/

## ORDER OVERRULING DEFENDANTS' OBJECTIONS

On February 25, 2014, Plaintiff Derrick Maye, an inmate at Cooper Street Correctional Facility, filed suit against various prison personnel, alleging they violated his First and Fourteenth Amendments. Maye claims that Defendants denied him permission to participate in the Muslim festival of Eid-Ul-Fitr, withheld religious materials, prevented him from filing administrative grievances, and retaliated against him for filing grievances. After Defendants' motion for summary judgment was granted in part and denied in part, Plaintiff was appointed counsel on May 29, 2015. *See* ECF No. 58. Plaintiff then filed a first amended complaint on October 24, 2015 after obtaining the Court's permission. *See* ECF Nos. 74, 75. Plaintiff supplemented his amended complaint on February 3, 2016. *See* ECF No. 99.

After the close of discovery, on July 15, 2016 Defendants and Plaintiff filed motions for summary judgment. *See* ECF Nos. 111, 112. In part, Defendants argued that summary judgment was appropriate as to all of Plaintiff's claims for money damages because Plaintiff had only sued Defendants in their official capacities. *See* ECF No. 111.[1] In response Plaintiff moved to file a

---

[1] Defendants also moved to dismiss Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and his claim for injunctive relief since Plaintiff is no longer housed at the facility where his claims arose. *See* ECF No. 111. The parties have since stipulated to the dismissal of those claims. *See* ECF No. 127.

second amended complaint, seeking to clarify his intent to sue Defendants in their individual capacities as well as their official capacities. *See* ECF No. 117. After holding a hearing, on December 12, 2016 Magistrate Judge Stephanie Dawkins Davis granted Plaintiff's motion for leave to amend his complaint, and denied Defendants' motion for summary judgment as moot. *See* ECF No. 128. The magistrate judge determined that, based on Plaintiff's first amended complaint and the course of proceedings, Defendants were on notice that they were being sued in their individual capacities. Defendants have timely objected.

**I.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Defendant currently has two separate objections pending. The first, an objection to the magistrate judge's order allowing Plaintiff to file an amended complaint after he obtained counsel in October of 2015, was never addressed by this Court. *See* ECF No. 77. The second is

an objection to the magistrate judge's recent order allowing Plaintiff to amend his complaint to clarify his individual capacity claims. *See* ECF No. 130. Each objection will be addressed in turn.

**A.**

In his initial complaint, Maye brought allegations against thirteen Defendants, only six of which were identified by name: Warden Paul Klee, Deputy Warden Sherman Campbell, Deputy Warden Lee McRoberts, Resident Unit Manager Brian Evers, Assistant Resident Unit Supervisor Ronald Nichols, and Chaplain Joseph Serafin. The rest of the Defendants were identified as John Does 1-6 and Jane Doe. On April 30, 2014, the six named Defendants filed a motion for summary judgment, asserting that they were entitled to qualified immunity. On January 20, 2015, the magistrate judge then presiding over the case, Judge Michael Hluchaniuk, issued a report recommending that Defendants' motion for summary judgment be granted in part and denied in part. Magistrate Judge Hluchaniuk determined that: (1) Warden Paul Klee was entitled to summary judgment because he was not personally involved in the matters at issue; (2) Deputy Warden Campbell, Deputy Warden McRobert, Brian Evers, and Ronald Nichols were entitled to summary judgment because their actions did not rise to the level of constitutional concerns; and (3) Chaplain Serafin was not entitled to qualified immunity because there is a question of fact regarding whether he violated Maye's clearly established constitutional right. The magistrate judge's report was adopted by this Court on February 25, 2015. *See* ECF No. 51.

**i.**

After obtaining counsel, on July 27, 2015 Plaintiff moved to amend his complaint. *See* ECF No. 63. Plaintiff's proposed amended complaint clarified and added claims against Warden Joe Barrett, Deputy Warden Willie Riley, and Chaplain Will Taylor for their roles in denying

- 3 -

Plaintiff the right to celebrate Eid Ul-Fitr with a feast in 2014 and for denying Maye the opportunity to partake in the one-hour religious service for Eid Ul-Fitr. The proposed amended complaint also added claims against Michael Martin, the special activities coordinator for the MDOC, who allegedly instructed defendant Serafin to deny Plaintiff and other Muslims from the Nation of Islam the right to take part in the Eid Ul-Fitr festivities in 2013. Finally, the proposed amended complaint alleged that Cooper Street Facility officials sent Plaintiff letters in June 2015 advising him that they intended to refuse an Eid Ul-Fitr feast for 2015. Apparently, MDOC officials followed through with this plan and denied Plaintiff's request to participate in the feast despite his counsel's intervention and assurances from MDOC's counsel that this would not happen. *Id*.

In opposing Plaintiff's motion to amend, Defendants argued that Plaintiff had failed to exhaust his administrative remedies against Martin and Riley. Defendants also argued that Plaintiff's proposed claim regarding the 2015 Eid Ul-Fitr feast raised issues already addressed by the court in the case of *Dowdy et al v. Caruso*, Case No. 06-11765 (E. D. Mich. 2006), and that his proposed claims would therefore be futile. In reply, Plaintiff argued that he had exhausted his remedies to the extent he was permitted to do so and that his claims raise different issues than those addressed by the *Dowdy* court.

By an order dated October 14, 2015 the magistrate judge granted in part and denied in part Plaintiff's motion for leave to amend. *See* ECF No. 74. The magistrate judge found Defendant's argument that Plaintiff had not sufficiently exhausted his claims against Martin and Riley to be without merit after determining that under *Jones v. Bock*, 549 U.S. 199 (2007) Plaintiff had provided prison officials with adequate notice of the issues he was grieving. The magistrate judge determined that Plaintiff had not sufficiently exhausted his claims against

proposed defendants Warden Barrett and Chaplain Thomas, but noted that Plaintiff was free to file a motion to supplement his complaint under Rule 15(d) once the claims had been exhausted. The magistrate judge further determined that *Dowdy* did not preclude plaintiffs from seeking individualized relief in separate lawsuits.

### ii.

Defendants objected to the magistrate judge's order on October 28, 2015. *See* ECF No. 77. Defendants first argue that the magistrate judge clearly erred in allowing Plaintiff to add a claim against Michael Martin, the special activities coordinator for the MDOC. Specifically, Defendants argue that the magistrate judge erred in relying on the Supreme Court's opinion in *Jones v. Bock*, 549 U.S. 199 (2007). The analysis in *Jones* was grounded in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Court then found that while "[t]he PLRA requires exhaustion of 'such administrative remedies as are available,' … nothing in the statute imposes a 'name all defendants' requirement…." *Jones*, 549 U.S. at 217. The Court also noted that the MDOC grievance policy did not require prisoners to name each individual, but required only that prisoners be as specific as possible. *Id.* The Court continued:

> The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

*Id.* at 218. The Court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance." *Id.* at 219.

Defendants argue that the MDOC grievance policy has been updated to require identification of each alleged defendant. In support of this argument, Defendants point to a provision holding that a grievance may be rejected by the Grievance Coordinator if "[t]he

grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control…." *See* PD 03.02.130. It is unclear how this provision would alter the analysis in *Jones*, as it governs circumstances where a grievance is insufficient for prison consideration; it does not govern when an exhaustion attempt is insufficient for the purpose of a federal lawsuit. Defendants concede that Martin was retired at the time Plaintiff became aware of Martin's alleged involvement in the matter. As noted by the magistrate judge, Plaintiff probably could not be aware of every person involved in the decision-making process denying his participation in the Eid feasts. The magistrate judge did not commit clear error in determining that Plaintiff's exhaustion attempts were sufficient to place Defendants on notice of the nature of his grievances.

Defendants next argue that the magistrate judge erred in finding that *Dowdy* did not bar Plaintiff's proposed claim challenging the denial of an Eid Ul-Fitr feast. In reaching this conclusion, the magistrate judge quoted an order issued in *Dowdy,* in which the court stated that "relief is not available under the settlement agreement or judgment on an individualized basis based on what a class member says is affecting the entire class." The magistrate therefore did not err in finding that *Dowdy* did not preclude Plaintiff from seeking individualized relief for Defendants' alleged actions regarding the Eid Ul-Fitr feast. Defendants' first objections will be overruled.

**B.**

In their second objection, Defendants argue that the magistrate judge erred in allowing Plaintiff to amend his complaint to clarify his individual capacity claims. Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be

tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

Defendants argue that Plaintiff's motion for leave to amend should have been denied as untimely. The Sixth Circuit has held that to deny a motion to amend as untimely, a court must also find "at least some significant showing of prejudice to the opponent." *Moore*, 790 F.2d at 562*.* "[D]elay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Ziegler v. Aukerman*, 512 F.3d 777 at 786 (6th Cir. 2008) (citing *Moore*, 790 F.2d at 560, 562). "Prejudice" in the context of Rule 15 means more than the inconvenience of having to defend against a claim. *See Monahan v. N.Y.C. Dept. of Corr.,* 214 F.3d 275, 284 (2d Cir. 2000).

The magistrate judge determined that Defendants would not be prejudiced by the amendment because the course of proceedings demonstrated that they were on notice that Plaintiff had attempted to sue them in their individual capacities. Defendants argue that this constitutes a clear error of law because the "course of proceedings" test – used to determine whether § 1983 defendants have notice of a plaintiff's attempt to hold them personally liable – only applies where no explicit statement appears in the pleadings. *See Shepherd v. Wellman,* 313 F.3d 963, 967-68 (6th Cir. 2002). Defendants argue that Plaintiff explicitly stated that he was

only suing Defendants in their official capacities through paragraph 10 of his complaint. Paragraph 10 states, "[t]he Court has personal jurisdiction over Defendants as the Defendants are being sued *in their official capacities and for their intentional actions* which form the basis for the claims in the Supplemental Amended Complaint." *See* Supp. Am. Compl. ¶ 10, ECF No. 99 (emphasis added). The magistrate judge determined that the phrase "and for their intentional actions," together with the facts that Defendants were individually named and Plaintiff sought monetary damages, rendered the pleadings sufficiently ambiguous to apply the course of proceedings test. Under clear error review, the magistrate judge's finding of ambiguity must stand.

Defendants next argue that application of the "course of proceedings" shows that "the balance tips in the Defendants' favor that Maye only sued them in their official capacity." *See* Objections p. 4, ECF No. 130. In finding that the course of proceedings weighed in favor of Plaintiff, the magistrate judge noted that Defendants had specifically challenged Plaintiff's attempt to seek money damages and had raised qualified immunity as a defense. The magistrate judge had broad discretion in weighing these factors. The fact that this Court could have weighed factors differently is insufficient to warrant reversal under clear error review. Defendants' objections will therefore be overruled.

## II.

Accordingly, it is **ORDERED** that Defendants' Objections, ECF Nos. 77, 130, are **OVERRULED**.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: February 1, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2017.

                                            s/Michael A. Sian
                                            MICHAEL A. SIAN, Case Manager