UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK MAYE,

                Plaintiff,                          Case No. 14-cv-10864

v                                                       Honorable Thomas L. Ludington

PAUL KLEE, et al.,

                Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT IN PART, GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT IN PART, DIRECTING SUPPLEMENTAL BRIEFING
AND DISMISSING DEFENDANTS MARTIN, RILEY AND BARRETT**

On February 25, 2014, Plaintiff Derrick Maye, an inmate at Cooper Street Correctional Facility, filed suit against various prison personnel, alleging they violated his rights under the First and Fourteenth Amendments. Maye claims that Defendants denied him permission to participate in the Muslim festival of Eid-al-Fitr,[1] withheld religious materials, prevented him from filing administrative grievances, and retaliated against him for filing grievances. Defendants' initial motion for summary judgment was granted in part and denied in part, which resulted in dismissal of all named individual Defendants on the basis of qualified immunity, with the exception of Defendant Joseph Serafin, the Institutional Chaplain at the Gus Harrison Correctional Facility. *See* ECF Nos. 46, 51.

Plaintiff was appointed counsel on May 29, 2015. *See* ECF No. 58. Plaintiff then filed a first amended complaint on October 24, 2015 after obtaining the Court's permission. *See* ECF Nos. 74, 75. The amended complaint reasserted Plaintiff's claims against Defendant Serafin, but

---

[1] Eid al-Fitr, "feast of breaking the fast," is an important religious holiday celebrated by Muslims worldwide that marks the end of Ramadan, the Islamic holy month of fasting.

also added claims against Michael Martin, William Taylor, William Riley, and Joseph Barrett "in their official capacities and for their intentional actions." *See* ECF No. 75. Plaintiff filed a supplement to his amended complaint on February 3, 2016. *See* ECF No. 99.

After the close of discovery, on July 15, 2016, Plaintiff and Defendants filed motions for summary judgment. *See* ECF Nos. 111, 112. In part, Defendants argued that summary judgment was appropriate as to all of Plaintiff's claims for money damages because Plaintiff had not sued them in their individual capacities. *See* ECF No. 111 In response, Plaintiff moved to file a second amended complaint, seeking to clarify his intent to sue Defendants in their individual capacities as well as their official capacities. *See* ECF No. 117. On December 12, 2016, Magistrate Judge Stephanie Dawkins Davis granted Plaintiff's motion for leave to amend his complaint, and denying Defendants' motion for summary judgment as moot. *See* ECF No. 128. The magistrate judge reasoned that, based on Plaintiff's first amended complaint and the course of proceedings, Defendants were on notice that they were being sued in their individual capacities. Defendants' subsequent objections were overruled by this Court.

On March 3, 2017, Judge Davis issued a report, recommending that Plaintiff's motion for summary judgment be granted in part and denied in part. Specifically, she recommended that Plaintiff's motion for summary judgment against Defendant Serafin be granted as to Plaintiff's First Amendment and Equal Protection claims, but denied as to Plaintiff's Substantive Due Process claim. Defendant Serafin timely objected. *See* ECF No. 140. Then, on March 28, 2017, Defendants filed a motion for leave to file a third dispositive motion, seeking to challenge the merits of Plaintiff's individual capacity claims. *See* ECF No. 141. The Court granted the motion for leave to file a third dispositive motion. ECF No. 145. Judge Davis's March 3 report and recommendation (ECF No. 138) on Plaintiff's motion for summary judgment was held in

abeyance. That report and recommendation will be addressed in conjunction with instant report and recommendation (ECF No. 154) on Defendants' third motion for summary judgment.

**I.**

A detailed factual and procedural summary is contained in Judge Davis's report. As neither party has objected to those summaries, they are adopted herein in full. For clarity, a brief overview of Judge Davis's pertinent findings is necessary. Judge Davis noted that the remaining disputed claims are the 2013 First and Fourteenth Amendment claims against Martin and Serafin along with the 2014 First Amendment claim against Taylor.[2] According to the Joint Statement of resolved and unresolved issues, as well the information provided during oral argument, Judge Davis determined that the disputed issues are: 1) whether Plaintiff exhausted his claims against Martin; (2) whether Martin and Serafin are entitled to qualified immunity for Plaintiff's 2013 First and Fourteenth Amendment claims; 3) whether Taylor is entitled to qualified immunity on the 2014 First Amendment claim, and (4) whether plaintiff's Fourteenth Amendment claims against Martin and Serafin are barred because the First Amendment is the explicit source of Plaintiff's claims.

Judge Davis found that, although Plaintiff had properly exhausted his claims against Martin, those claims fail because of Martin's lack of personal involvement in the decision leading to Plaintiffs injury. Rep. & Rec. at 17–20, 28. Accordingly, she recommended that Defendant Martin's motion for summary judgment be granted in its entirety.

With respect to qualified immunity, Judge Davis found that Plaintiff's right to attend Eid in August of 2013 was clearly established based on Judge Avern Cohn's order in the *Dowdy* case

---

[2] Plaintiff sought permission to participate in the 2013 Eid while he was housed at the Gus Harrison Correctional Facility, where Defendant Serafin was the institutional chaplain. In October 2013, Plaintiff was transferred from the Gus Harrison facility to the Cooper Street Facility in Jackson, MI, where Defendant Taylor was the institutional Chaplain. Plaintiff also sought permission to participate in the 2014 Eid, but was not permitted to do so.

and the corresponding policy directive issued by MDOC.³ Rep. & Rec. at 23–25, ECF No. 154. Accordingly, Judge Davis found that Defendant Serafin was not entitled to qualified immunity for denying Plaintiff's request to attend Eid in August of 2013. *Id.* She further noted that this issue has already been resolved against Serafin in the Court's order denying his motion for summary judgment based on qualified immunity. *Id.* Judge Davis found that Serafin has identified no new facts that would justify revisiting the law of the case. *Id.* Judge Davis found that it was undisputed that Serafin expressly denied Plaintiff (a member of the Nation of Islam) the clearly established right to participate in Eid in 2013, and at the same time permitted members of the majority sect, Al-Islam, to participate. *Id.* at 29–30, 34–43. Accordingly, she recommended granting summary judgment for Plaintiff on his claims against Serafin for violating the Free Exercise Clause, Establishment Clause, and Equal Protection Clause. She recommended granting summary judgment for Serafin only as to Plaintiff's Substantive Due Process claim, which Judge Davis found was more appropriately grounded in the First Amendment.

With respect to Defendant Taylor, Judge Davis found that, although Plaintiff's right to attend Eid in 2014 was clearly established, there is a question of fact as to whether Taylor ever received a request from Plaintiff to participate in the 2014 Eid. *Id.* at 40. Thus, Judge Davis

---

³ Beginning in 2006, several MDOC inmates, on behalf of themselves and similarly situated individuals, brought claims against MDOC officials alleging, among other things, that the failure to permit Muslim inmates to observe the Eid violated the First and Fourteenth Amendments of the United States Constitution. *Dowdy, et al. v. Caruso*, et al., Case No. 06-11765 ("*Dowdy*"). Judge Davis explained in her report that, even though the final judgment in *Dowdy* came after the observance of the 2013 Eid (which Plaintiff Maye was prevented from attending), Judge Cohn had ordered that Muslim inmates, including Nation of Islam inmates (of which Plaintiff is a member), be permitted to observe the Eid more than two months before plaintiff's request to observe the Eid was denied. (See *Dowdy*, Dkt. 80, p. 6; Dkt. 138). Judge Davis further observed that, in response to that order, the MDOC amended Policy Directive 05.03.150 to specifically include observance of the Eid. Moreover, the amended Policy Directive became effective on July 26, 2013, and was disseminated to MDOC personnel on July 30, 2013, the day before Serafin denied plaintiff's request to observe the Eid.

determined that Taylor was not entitled to summary judgment on the Free Exercise claim. With respect to the Establishment Clause claim against Taylor, Judge Davis found Taylor was entitled to summary judgment because Plaintiff had not presented any evidence that Taylor's actions were based on a policy preferring one religion over another (whereas Plaintiff had provided evidence that Serafin expressly permitted members of the Al-Islam sect to participate in Eid while denying Plaintiff (a Nation of Islam member) the right to do so.). Plaintiff conceded that Taylor was entitled to summary judgment as to the Fourteenth Amendment claim. Accordingly, Judge Davis recommended that Defendant Taylor's motion for summary judgment be denied as to the Free Exercise claim, but granted in all other respects.

Finally, she recommended that Defendants Riley and Barrett's motion for summary judgment be granted in its entirety, pursuant to the parties' agreement. Defendants filed timely objections to both the March 3 and January 24 report and recommendations. ECF Nos. 140, 155.[4] Plaintiff responded to those objections, but did not file objections of his own.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept,

---

[4] The objections to the March 3 report (ECF No. 140) are a carbon copy of objections number one and two to the January 24 report (ECF No. 155), which will be discussed below. Accordingly, they will be overruled for the same reasons discussed below.

reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## III.

Defendants raise the following objections to the report and recommendation: 1) "The Magistrate Judge erred in concluding that Serafin was not entitled to qualified immunity under the First Amendment *because the law was not clearly established in 2013 that missing a single religious service amounted to a constitutional violation*;" 2) "The Magistrate Judge erred in concluding that Serafin was not entitled to qualified immunity under the Equal Protection Clause of the Fourteenth Amendment *because the law was not clearly established in 2013 that missing a single religious service amounted to a constitutional violation*;" 3) The Magistrate Judge erred in concluding that Taylor was not entitled to qualified immunity under the First Amendment

*because the law was not clearly established in 2013 that missing a single religious service amounted to a constitutional violation*;" 4) "The Magistrate Judge erred in concluding that Maye properly exhausted his administrative remedies against Martin." (emphasis added).

Although the first three objections are numbered separately, they largely raise a single objection, namely that "the law was not clearly established in 2013 that missing a single religious service amounted to a constitutional violation." To the extent any of these three objections raises distinct issues, they will be addressed individually.

## A.

First, Defendants object to Judge Davis's conclusion that Defendant Serafin is not entitled to qualified immunity for the first amendment claim. Defendants argue that Judge Davis incorrectly concluded "that the law of the case doctrine precludes this Court from granting Serafin qualified immunity." Obj. at 3, ECF No. 155. Defendant notes that the Court's ruling was based on a previous complaint, and further notes that, under Sixth Circuit precedent, qualified immunity may be raised before discovery commences and after discovery is complete. However, Defendant ignores Judge Davis's finding that, after reviewing the parties' latest briefing, "the same result obtains, as the substantive analysis remains unchanged by the parties' new briefing" because "Serafin provides no new facts that would cause the undersigned to revisit [her] conclusion." Rep. & Rec. at 24–25. That is, Judge Davis found that Serafin identified no new information that would call into question her conclusion that Plaintiff's right to attend Eid was clearly established by the *Dowdy* order and the MDOC policy.

Indeed, at the objections stage, Defendants still rely solely on their entitlement to reassert qualified immunity after the close of discovery on the new complaint, but do not attempt to identify a single fact developed during discovery that might alter Judge Davis's conclusion.

Although Defendants are correct that they may *reassert* qualified immunity, they advance no new facts or law that would justify reopening the question on the merits. Rather, as this issue has already been resolved against Defendants at a previous stage in the litigation, they now bear the burden of identifying any factual or legal developments that would warrant revisiting that issue, or explain why the Court's previous decision was clearly erroneous. *See Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir.1997). Defendants have not done so.

> Defendants also argue that:
>
> If this Court determines that the law-of-the-case doctrine applies then there is no basis to grant summary judgment to Maye because Magistrate Judge Hluchaniuk concluded (D/E #46, PageID.664) 'At a minimum, there is a question of fact regarding whether Serafin violated plaintiff's clearly established constitutional rights.' As noted above, this Court adopted the R&R (D/E #51, Pg ID 705). If the law-of-the case doctrine applies, then it applies with equal force to Maye. This Court should deny summary judgment to Maye because it previously concluded there is a question of fact as to Maye's First Amendment claims against Serafin.

Obj. at 4. Defendants selectively quote from Judge Hluchaniuk's opinion while omitting the remainder of that paragraph in which Judge Hluchaniuk explicitly noted: "Thus, it was clearly established law at the time Serafin denied plaintiff's request to attend the *Eid* feast that such denial was unconstitutional." ECF No. 46 at PGID 664. Thus, the "question of fact" Judge Hluchaniuk was referring to was the existence of a violation, not the clear establishment of the right.[5] To interpret his opinion the opposite way would be contrary to law and would defy logic. Naturally, the question at issue (whether a legal right has been clearly established in law) is indeed a *question of law* and not one of fact. *Baynes v. Cleland*, 799 F.3d 600, 606 (6th Cir. 2015). With respect to the existence of a violation of that clearly established right, Judge Davis found that the violation occurred, and that no facts exist upon which a reasonable jury could find

---

[5] It is worth noting that the motion before Judge Hlunchaniuk was Defendant's motion for summary judgment, not Plaintiff's motion for summary judgment. Thus, perhaps it would have been more technically accurate to state that Defendant had failed to carry their burden to demonstrate the absence of an issue of material fact.

otherwise. Indeed, Defendant makes no attempt to identify a factual issue remaining as to whether Serafin violated Plaintiff's right to attend the Eid.

Next, Defendants argue that Judge Davis erred in concluding that Judge Cohn's decision in the *Dwody* case clearly established the right of Muslim inmates to attend Eid. This argument contains no objection specifically directed at Judge Davis's reasoning. Indeed, Defendants objection begins by stating "As Serafin previously pointed out . . ." Obj at. 5. Defendants then proceed to re-litigate their argument that the *Dowdy* case did not establish any rights until judgment was entered, which was after the 2013 Eid. *Id.* They also cite the *Hermansen* case again in support of their argument, as they did in their summary judgment briefing. *Id.*

Judge Davis rejected Defendants' arguments noting that the date of the *Dowdy* judgment was irrelevant, as the court had *ordered* that Muslim inmates be permitted to attend Eid, and that order predated the 2013 Eid, as did the MDOC policy directive. Rep. & Rec. at 23–24. Judge Davis also provided a detailed analysis of Defendants' reliance on *Hermansen* and explained why that case was distinguishable. *Id.* at 25. In their objection, Defendants do not address Judge Davis's reasoning, but merely reassert the same two arguments she rejected. Accordingly, de novo review of her conclusion is not warranted. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (an objection that merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge so as to warrant de novo review of her conclusions).

Finally, Defendants argue that Judge Davis erred in finding that it was clearly established that missing a single religious service amounted to a constitutional violation. Obj. at 5-7. This argument is largely a reassertion of the one rejected by Judge Davis. Defendants again cite the *Colvin* decision. Judge Davis analyzed that decision and explained why it is distinguishable.

Defendants' objection is non-responsive to that analysis, and therefore is not entitled to de novo review.

Defendants also cite to three district court opinions which purportedly stand for the proposition that "missing a single religious service does not amount to a First Amendment violation." *Id.* at 6. First, Defendants cite to *Beebe*, in which the court held that an accidental cancellation of one Jewish religious service did not amount to a violation of the free exercise clause where it was mere negligence on the part of the official. *Beebe v. Birkett*, 749 F. Supp. 2d 580, 598 (E.D. Mich. 2010). In her analysis distinguishing *Colvin* on similar grounds, Judge Davis found that Serafin had presented no evidence suggesting that the denial of Plaintiff's right to attend the 2013 Eid was an innocent mistake. Rep. & Rec. at 38. Defendants make no attempt in their objections to explain how the denial of Plaintiff's right to attend Eid was an innocent mistake.

Next, Defendants cite to *Gunn*, in which the court found that no constitutional violation occurred where the plaintiff was required to sit in an assigned seat at the chapel due to his security status and, on one occasion, after being escorted out of the chapel he was not permitted to return because the service had already begun. *Gunn v. Kentucky D.O.C.*, 2010 WL 2555756, at *5 (W.D. Ky. June 18, 2010). This case is also inapposite. Defendants do not contend that Plaintiff's security status had any bearing on the decision not to permit him to attend Eid, nor do they identify any other valid penological interest that motivated the decision. Moreover, the plaintiff in *Gunn* was escorted out of the chapel and not permitted to return as the service had already begun. Plaintiff Maye, in contrast, was not permitted to attend Eid at all.

Finally, Defendants cite to *Fitch*, in which the court found that no first amendment violation occurred where plaintiff alleged that prison employees discarded his religious beanie

(kufi). *Fitch v. City of Leitchfield*, 2011 WL 4862255, at *5 (W.D. Ky. Oct. 13, 2011). Defendants do not attempt to explain how that case is applicable, nor is there any meaningful similarity to be explored. For the foregoing reasons, Defendants' first objection will be overruled.

**B.**

Next, Defendants object to Judge Davis's conclusion that Defendant Serafin is not entitled to qualified immunity for the Equal Protection clause violation. Defendants again assert, as they did in objection number one, that it was not clearly established that missing a single religious service amounted to a constitutional violation. Obj. at 7. For the same reasons discussed above, this objection is without merit. Defendants also take issue with Judge Davis's finding that Serafin invidiously discriminated against Plaintiff. Specifically, Judge Davis found that:

> Based on the undisputed facts here, defendant Serafin made a conscious decision to treat religious adherents of Al-Islam differently from plaintiff and other adherents of the Nation of Islam. Going further, Serafin even suggested to plaintiff that if he wanted to receive the same treatment that Al-Islam members received, he should change his religious sect to Al-Islam. As such, an invidious discriminatory purpose may be inferred. As discussed more fully below, the evidence also establishes that plaintiff is similarly situated in all material respects to Al-Islam inmates who were allowed to attend the Eid. Serafin's primary argument concerning Equal Protection is that the court should dismiss the claim because, assuming the inapplicability of qualified immunity as to defendant Serafin, plaintiff's cause sounds solely under the First Amendment. Having failed to substantively dispute the facts set forth by plaintiff supporting: (1) the implication of plaintiff's fundamental right to practice religion; (2) discriminatory treatment and a discriminatory purpose by Serafin; and (3) plaintiff being similarly situated to Al-Islam observants who were permitted to attend the Eid, defendant's argument fails.

Rep. & Rec. at 30–31. Defendants do not specifically object to Judge Davis's finding that Plaintiff, as a Nation of Islam adherent, was similarly situated in all material respects to Al-Islam adherants. Nor do Defendants object to Judge Davis's finding that Serafin made a conscious

decision to treat Al-Islam adherants differently from Nation of Islam adherents and indeed suggested that Plaintiff could receive the same treatment as Al-Islam adherents if he changed his religion. Rather, Defendants contend Serafin decided to treat Nation of Islam adherents differently than Al-Islam adherents simply because "Serafin was mistaken about the need for members of the Nation of Islam to attend the Eid." Obj. at 8. Given the *Dowdy* order and MDOC's own revised policy directive requiring Nation of Islam members to be permitted to participate in Eid, Defendants' argument is not persuasive.

Defendants also contend that granting judgment on the Equal Protection claim and the First Amendment claim will allow Plaintiff to impermissibly "double dip" and "recover multiple times for the same conduct by Serafin." Obj. at 8. Defendants do not elaborate on this argument or explain how the same conduct is at issue. Firstly, the same conduct is not at issue in the Free Exercise claim and the Equal Protection claim. Whereas the Free Exercise violation was the denial of Plaintiff's clearly established right to exercise his religion by attending the Eid, the Equal Protection violation was the fact that Serafin permitted Al-Islam adherents to attend the Eid, but not Plaintiff.

Defendants may be objecting to Judge Davis's finding that the same acts giving rise to the Equal Protection violation also constituted a violation of the Establishment Clause. However, this argument identifies no objection to Judge Davis's substantive finding that those two constitutional provisions were violated. Defendants simply assert that "double dipping" is impermissible. Defendants offer no explanation to support their theory. The only legal citation offered is to *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990). In *Walker*, a prisoner was stabbed to death by a fellow inmate, and his estate brought a 1983 action for violations of the Eight Amendment prohibition on cruel and unusual punishment as well as the Fourteenth

Amendment Substantive Due Process clause. *Id.* The Sixth Circuit found that the district court improperly instructed the jury by using the lower standard applicable to Fourteenth Amendment violations to recover for a violation that was more aptly grounded in the Eighth Amendment. *Id.* The court's opinion had nothing to do with "double dipping." Rather, the court found that the district court erred by permitting plaintiff to recover under the less stringent standard imposed by the Fourteenth Amendment violation when the right at issue was more appropriately grounded in the Eighth Amendment. Thus, *Walker* does not support Defendants' theory regarding impermissible double dipping. Nor do Defendants offer any explanation as to why the rights at issue are more aptly grounded in the First Amendment than the Fourteenth Amendment. Accordingly, the second objection will be overruled.

**C.**

Defendants' third objection asserts that Judge Davis "erred in concluding that Taylor was not entitled to qualified immunity under the First Amendment because the law was not clearly established in 2013 that missing a single religious service amounted to a constitutional violation." Obj. at 9. This objection is less than one page long and raises no novel objection that was not raised in the previous two. The Court's finding that the right to attend Eid was clearly established applies with equal force to Taylor. Accordingly, the third objection will be overruled on the same grounds as the previous two.

**D.**

Defendants' fourth objection asserts that Judge Davis "erred in concluding that Maye properly exhausted his administrative remedies against Martin." Obj. at 9. Defendants appear to

assume that Judge Davis recommended denying Martin's motion for summary judgment.[6] In fact, Judge Davis recommended granting Martin's motion for summary judgment in its entirety. Rep. & Rec. at 3, 44. Judge Davis found that Plaintiff's claims against Martin fail due to lack of personal involvement in the decision. *Id.* at 28–29. As neither party objects to that determination, it will be adopted, and Defendants' fourth objection will be overruled as moot.

**IV.**

Accordingly, Defendants' objections will all be overruled. Plaintiff's motion for partial summary judgment will be granted against Defendant Serafin on the First Amendment and the Equal Protection claims (Counts I, II and III), and denied on the Substantive Due Process claim (count IV). As the damages issue has not been fully briefed, supplemental briefing will be ordered on damages. The disposition of the remaining motions will be in accordance with Judge Davis's recommendation.

**V.**

Accordingly, it is **ORDERED** that Defendants' objections, ECF Nos. 155 and 140, are **OVERRULED**.

It is further **ORDERED** that Judge Davis's report and recommendations, ECF Nos. 138, 154, are **ADOPTED**.

It is further **ORDERED** the Plaintiff's motion for partial summary judgment against Defendant Serafin, ECF No. 112, is **GRANTED** on the First Amendment and the Equal Protection claims (Counts I, II and III), and **DENIED** on the Substantive Due Process claim (Count IV).

---

[6] Indeed, the section of Defendants' objections labeled "conclusion and requested relief" asserts that the Court "should reject the Magistrate Judge's R&R in so far as it recommends . . . denying Martin's motion for summary judgment . . ." Obj. at 12.

It is further **ORDERED** that Defendants' motion for summary judgment, ECF No. 146 is **GRANTED** in part and **DENIED** in part as follows:

- **GRANTED** as to the Substantive Due Process claim (Count IV) against Defendant Serafin.
- **GRANTED** as to all claims against Defendants Martin, Riley, and Barrett.
- **DENIED** as to the Free Exercise claim against Defendant Taylor (Count I), but **GRANTED** as to all other claims against Defendant Taylor.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file supplemental briefing on damages by **April 4, 2018** and Defendant Serafin is **DIRECTED** to respond by **April 18, 2018**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 19, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 19, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager