UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK MAYE,

        Plaintiff,                         Case No. 14-cv-10864

v                                                   Honorable Thomas L. Ludington

PAUL KLEE, et al.,

        Defendants.
_____/

## **ORDER GRANTING MOTION TO STAY**

On March 19, 2018, the Court entered an order adopting Magistrate Judge Davis's report and recommendation over Defendants' objections. ECF No. 157. The order granted Plaintiff's motion for summary judgment in part and denied Defendants' motion for summary judgment based on qualified immunity. On April 17, 2018, Defendants Serafin and Taylor filed a notice of appeal of the Court's order. ECF No. 162. On April 26, 2018, Defendants filed a motion to stay further proceedings in this case pending review by the Sixth Circuit Court of Appeals. ECF No. 165. On May 10, Plaintiff filed a response opposing the motion to stay. ECF No. 166.

"A district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Here, the Court adopted Judge Davis's finding that Defendants were not entitled to qualified immunity because Plaintiff's right to attend the Eid was clearly established in law based on Judge Avern Cohn's order in the *Dowdy* case and the corresponding policy directive issued by MDOC. Order at 3-4, 7-11, ECF No. 157. Whether a legal right has been clearly established is a question of law. *Baynes v. Cleland*, 799 F.3d 600, 606 (6th Cir. 2015). Thus, the Court's denial

of qualified immunity on that basis was an immediately appealable decision. *See Forsyth*, 472 U.S. at 530.

The parties dispute whether the proceedings in this matter should be stayed pending the appeal. Defendants argue that "once an appeal is filed based on qualified immunity that all proceedings should cease until the issue is resolved." Mot. at 2 (citing *English v. Dyke*, 23 F. 3d 1086, 1089 (6th Cir. 1994)). Plaintiff argues that the 4-factor test applicable to motions to stay counsels against granting Defendants' motion. Resp. at 4 (citing *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001)).

In determining whether to issue a stay of proceedings pending appeal, the Court must consider: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006).

Here, Defendant makes no attempt to explain why they are likely to succeed on the merits. Plaintiff also notes that, "[a]s the Sixth Circuit recognized in Yates, 'delaying trial in order to allow a defendant to appeal a denial of qualified immunity prolongs the process, often to the disadvantage of the plaintiff . . . [d]efendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals.'" Resp. at 8 (quoting *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991)). However, it is also true that as to the second and fourth factors, "the justification for allowing immediate appeals from the denial of qualified

immunity is that forcing state actors to litigate destroys rights created by the immunity." *Rondigo LLC v. Twp. of Richmond, Michigan*, 2009 WL 10681186, at *3 (E.D. Mich. Dec. 9, 2009) (*citing Mitchell v Forsyth*, 472 U.S. 511, 530 (1985)). Furthermore, as to the third factor, Plaintiff has not identified any undue harm that he will suffer other than a delay in obtaining relief, which is the same harm inherent in all cases in which a stay is granted. Ultimately, "the power to stay proceedings ordinarily lies within the sound discretion of the trial court." *Bays v. Montmorency, Cty. of*, 2017 WL 510696, at *1 (E.D. Mich. Feb. 8, 2017) (citing *F.T.C. v. E.M.A. Nationwide Inc.*, 767 F.3d 611, 626–28 (6th Cir. 2014)). On balance, the factors here counsel in favor of granting the stay.

Accordingly, it is **ORDERED** that the motion to stay, ECF No. 165, is **GRANTED** and proceedings in this matter are **STAYED.**

It is further **ORDERED** that the clerk of court is **DIRECTED** to administratively close this case. Upon conclusion of the appeal, either party may move to lift the stay and reopen the case.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 14, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager