UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK MAYE,

        Plaintiff,         Case No. 14-cv-10864

v         Honorable Thomas L. Ludington

PAUL KLEE, et al.,

        Defendants.
_____/

**<u>ORDER DIRECTING SUBMISSION OF TRIAL BRIEFS AND SETTING DATES</u>**

On February 25, 2014, Plaintiff Derrick Maye, formerly an inmate at Cooper Street Correctional Facility, filed suit against various prison personnel, alleging they violated his rights under the First and Fourteenth Amendments. Maye claims that Defendants denied him permission to participate in the Muslim festival of Eid-al-Fitr.

On March 19, 2018, the Court entered an order granting Plaintiff's motion for summary judgment in part and granting Defendants' motion for summary judgment in part. ECF No. 157. A full factual and procedural summary can be found in that order. The Court granted Plaintiff's motion for summary judgment on his First Amendment and Equal Protection claims against Defendant Serafin, as it is undisputed that Defendant Serafin denied Plaintiff the right to attend the 2013 Eid. Because the right was clearly established at the time of the deprivation, the Court held that Defendant Serafin is not entitled to qualified immunity. On those same grounds, the Court denied Defendant Taylor's motion for summary judgment based on qualified immunity, but held that there is a question of fact as to whether Defendant Taylor received a request from Plaintiff to attend the 2014 Eid. All other claims and Defendants were dismissed. Defendants appealed and proceedings were stayed pending appeal. ECF No. 167. On February 14, 2019, the

Sixth Circuit Court of Appeals issued an opinion and judgment affirming this Court's order. ECF No. 171.

With respect to the claims against Defendant Serafin, liability has been determined but damages have not. These claims are as follows: 1) First Amendment Free Exercise; 2) First Amendment Establishment Clause; 3) Fourteenth Amendment Equal Protection. The only live claim against Defendant Taylor is the First Amendment Free Exercise Claim, which requires a trial on liability and damages.[1]

The parties were directed to submit supplemental briefing on damages, and they did so prior to the stay. ECF Nos. 158, 161. The parties agree that Plaintiff can seek compensatory, presumed, nominal, and punitive damages from the jury. The parties disagree as to whether Plaintiff can seek mental or emotional damages absent proof that Plaintiff suffered a physical injury.

Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody *without a prior showing of physical injury* or the commission of a sexual act." (emphasis added). Plaintiff cites to *Siggers-El*, in which the court held that § 1997e(e) is unconstitutional as applied to First Amendment Claims, and that a jury could award mental or emotional damages in such cases without a prior showing of physical injury. *Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 816 (E.D. Mich. 2006). The court reasoned that physical injury rarely occurs in cases involving First Amendment violations, and that

---

[1] Because Plaintiff presented no evidence that Defendant Taylor's actions were based on a policy of preferring one religion over another, summary judgment was granted for Defendant Taylor on the Establishment Clause and Equal Protection claims (whereas Serafin expressly permitted Al-Islam adherents to participate in the Eid while denying Plaintiff (a Nation of Islam adherent) the right to do so).

denying First Amendment plaintiffs mental or emotional damages in such cases would render their First Amendment rights a nullity.

Plaintiff does not cite any more recent case law interpreting this opinion, which is not controlling. Defendant cites to *King*, which is controlling. In *King*, the court held that, although mental and emotional damages are barred without a showing of prior physical injury, the violation of a prisoner's First Amendment rights is "a constitutional injury distinct from any mental or emotional injury he might have suffered" and entitles him to compensatory damages. *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015). Accordingly, Plaintiff can seek compensatory, presumed, nominal, and punitive damages. Plaintiff cannot seek mental or emotional damages absent a prior showing of physical injury. *See Id.*; 42 U.S.C. § 1997e(e).

Plaintiff's supplemental brief focuses on the categories of damages he will seek, but does not set forth the amount he will seek or indicate whether he will forgo making any demand. Plaintiff will be asked to make an effort to quantify his damages and to explain the basis for the amount sought from each Defendant. This explanation should be included in Plaintiff's trial brief. The trial brief should also address the case Plaintiff will present to establish Defendant Taylor's liability, including the identity of the witnesses he intends to call and the amount of time estimated for direct examination. Defendants will be directed to respond in one trial brief setting forth any defenses to Defendant Taylor's liability, and any defenses to the amount of damages sought from both defendants. Similarly, any witnesses to be called in Defendants' case should be identified with the approximate time estimated for direct examination.

Accordingly, it is **ORDERED** that case management dates are set as follows:

- Plaintiff's trial brief: 4/8/2019
- Defendants' trial brief: 4/29/2019

- Motions in Limine: 5/21/2019

- Pretrial Disclosures: 6/11/2019

- Proposed jury instructions and requests for voir submitted through the utilities function of CM/ECF: 6/3/2019

- Final Pre-trial conference: **6/18/2019 at 4:00pm**

- Jury Trial: **7/16/2019 at 8:30am**.


                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: March 14, 2019